# Wytheville.

## BROWN v. COMMONWEALTH.

### June 19th, 1890.

1. CRIMINAL PROCEEDINGS—*Accomplice—Witness.*—An accomplice, found guilty, but not sentenced, is competent to testify against another indicted for the same offense.
2. IDEM—*Conspirators—Declarations.*—Until a conspiracy has been *prima facie* established, the declarations of his alleged co-conspirator are not admissible as evidence against the prisoner.

Error to judgment of circuit court of Franklin county affirming the judgment of the county court of said county rendered December 7, 1889, whereby William Brown, the plaintiff in error, was sentenced to be hanged, in accordance with the verdict of the jury on the trial of an indictment against him and others for arson.    Opinion states the case.

*Hughes Dillard,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the commonwealth.

LEWIS, P., delivered the opinion of the court.

This case is similar to Early's case, just disposed of.    At the trial a number of exceptions to rulings of the court were taken by the prisoner, of which, in the view we take of the case, it will be necessary to consider two only.

The first exception was to the action of the court in permitting George Early to be sworn and testify as a witness for the commonwealth. The ground of the objection was that the witness was an accomplice in the crime charged in the indictment, and had been found guilty thereof by the jury that tried him. It appears, however, from the bill of exceptions, that he had not been *sentenced,* and hence he was a competent witness in the case. 1 Greenl. Ev., secs. 375, 379; *Nannie Wood's case* (just decided).

The next exception relates to the action of the court in permitting the witnesses, Jeter and Pollard, to testify to certain declarations of Early.

The burning occurred on the 7th day of October, 1889, in the night. In the afternoon of that day the sergeant of Rocky Mount, in which town the burning occurred, arrested one Henry Smith, a negro, for disorder, and placed him in jail. When arrested, a number of negroes gathered around him, and followed him to the jail, among whom were Early and the prisoner. Both of the above-mentioned witnesses testified that they heard Early say, in the presence of the prisoner, who was also cursing and swearing about Smith's arrest, that the negro had no show in that town, and had had none since it was incorporated, nineteen years before; that he had offered to pay Smith's fine, but nothing would do but they must put him in jail; and that he added: "I will have him out of there or burn the d——d town before morning." Another witness, Nowlin, testified that he heard the prisoner say, at the same time, that *he* would have Smith "out of jail by to-morrow evening, and set up with them to-night."

We are of opinion that the declarations of Early ought to have been excluded. There was no proof sufficient to establish *prima facie* the fact of a conspiracy between him and the prisoner, and without such proof, the declarations of the former were not admissible against the latter. Indeed, the

commonwealth herself proved by her own witness, Early, that he knew of no plan or design to burn the town, and there is no proof in the record of a conspiracy of any sort.

How far the jury were influenced, if at all, by the evidence, we have no means of determining. It is certain we cannot say the prisoner was not prejudiced by it; and if he may have been so prejudiced, even though it be doubtful whether, in fact, he was or not, that is sufficient ground for reversing the judgment. *Payne's case*, 31 Gratt., 855; *Oliver's case*, 77 Va., 590.

The case must, therefore, be sent back for a new trial.

Judgment reversed.